IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                              No. 4:22-cr-4-DPM

ISAIAH JACKSON                                                   DEFENDANT

ORDER

Jackson is charged with being a felon in possession of a firearm. He moves to dismiss the Indictment, arguing that the government cannot prove that he knew he was prohibited from possessing a gun. But that isn't something for me to decide without a trial. Fed. R. Crim. P. 12(b)(3). His motion, *Doc. 25*, is denied.

The issue is whether the Indictment adequately states the offense of being a felon in possession of a firearm. *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021). It does so if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). Here, the essential elements are: (1) that Jackson had at least one prior felony conviction; (2) he knew that he was barred from possessing a firearm; (3) he knowingly possessed a firearm; and (4) the firearm had a

connection to interstate commerce. *United States v. Parsons*, 946 F.3d 1011, 1014 (8th Cir. 2020). The Indictment, *Doc. 1*, alleges facts supporting all four elements. Accepting the allegations as true, the Indictment adequately states the offense. *United States v. Welker*, 75 F.4th 820, 821 (8th Cir. 2023).

Jackson says that the government cannot prove that he knew he was barred from possessing a firearm because his one prior conviction was a negotiated plea for probation, and he was sentenced under Arkansas's first offender law. This argument goes to the sufficiency of the evidence. It is not a proper basis for a pretrial motion to dismiss. *Sholley-Gonzalez*, 996 F.3d at 893.

One loose end. Jackson's embedded request for a hearing is denied. An evidentiary hearing is necessary "only when the moving papers are sufficiently definite, specific, and detailed to establish a contested issue of fact." *United States v. Stevenson*, 727 F.3d 826, 830 (8th Cir. 2013). A motion to dismiss for failure to state an offense raises legal, not evidentiary, issues. *Sholley-Gonzalez*, 996 F.3d at 893. So, there is no need for an evidentiary hearing. *United States v. Pacheco-Poo*, 952 F.3d 950, 954 (8th Cir. 2020); *see also United States v. Santos-Pulido*, 815 F.3d 443, 446 (8th Cir. 2016).

\* \* \*

Jackson's motion, *Doc. 25*, is denied.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

3 October 2023